# EXHIBIT 1

Michael W. Carney, State Bar No. 241564
Lauren A. Welling, State Bar No. 291813
Sarah Kissel Meier, State Bar No. 305315
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Fax: (310) 773-5573
E-mail: *MCarney@sssfirm.com*
         *LWelling@sssfirm.com*
         *Skmeier@sssfirm.com*

Attorneys for Plaintiff Jane Roe JN 15

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/26/2024 10:24:44 AM
Clerk of the Superior Court
By M. Estrada          ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| Jane Roe JN 15,<br><br>Plaintiff,<br>v.<br><br>DOE 1, A CORPORATION; DOE 2, A CORPORATION; DOE 3, AN ENTITY OF UNKNOWN FORM, and DOES 4 to 100,<br><br>      Inclusive,<br><br>Defendants. | Case No.: 24CU008028C<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **NEGLIGENT SUPERVISION OF A MINOR**<br>3. **SEXUAL ABUSE OF A MINOR**<br>4. **NEGLIGENT HIRING, SUPERVISION, AND RETENTION**<br>5. **NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE PLAINTIFF**<br>6. **BREACH OF MANDATORY DUTY**<br><br>**[DEMAND FOR JURY TRIAL]** |

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

Plaintiff, Jane Roe JN 15, of and for her causes of action against Defendants, and each of them, complains and alleges as follows:

## INTRODUCTION

1.      This case involves egregious sexual and emotional abuse of a child.

2.      Over the span of 17 years, from 1961 to 1978, Plaintiff Jane Roe JN 15 was subjected to forceful vaginal penetration, including digitally, with various cylindrical foreign objects, and by one Perpetrator's penis, in addition to constant fondling and groping over and under her clothing. The unspeakable abuse she endured was inflicted upon her by four separate perpetrators, a Bishop in the Church, a High Priest also serving as a Home Teacher, a member employed as the Church's Janitor, and an Elder of the Church.

## PARTIES

3.      Plaintiff Jane Roe JN 15 ("**Plaintiff**") is an adult female over the age of forty at the time of this filing and a resident of the County of San Diego, State of California. As a victim of childhood sexual assault, as defined by section 340.1 of the Code of Civil Procedure, the name "Jane Roe JN 15" is not the Plaintiff's actual name, but is a fictitious name utilized to protect her privacy. Jane Roe JN 15 is entitled to protect her identity in this public court filing by not disclosing her name. (See *Doe v. Lincoln Unified School District* (2010) 188 Cal.App.4th 758.) As a minor, Plaintiff was the victim of unlawful sexual assault, molestation, abuse, and other extreme misconduct by Perpetrator FN, Perpetrator GN, Perpetrator John, and Perpetrator BP (hereinafter collectively "Perpetrators").

4.      Plaintiff's full identity has been concealed from public court filings to prevent those not directly involved in this action from learning her identity and making her identity public, as such a public disclosure would further harm Plaintiff and her family.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

2

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

5.      Defendant DOE 1, is and was at all relevant times herein mentioned, the religious entity, located at Escondido, California, through which Perpetrator FN held and used his position as "Bishop," Perpetrator BP as "High Priest" and "Home Teacher," Perpetrator John as an official employee, and Perpetrator GN as an "Elder" in the Church and relative of the Bishop, to groom and sexually abuse Plaintiff. DOE 1 is a corporation duly organized and operating pursuant to the laws of the State of Utah. DOE 1 operates wards, meetinghouses, congregations, temples and other houses of worship within the State of California. DOE 1 does business with and conducts continuous and systemic activities in California. DOE 1's principal place of business is 50 East North Temple, Floor 20, Salt Lake City, State of Utah 84150.  DOE 1 is registered to do business in California, and the presiding Bishop serves at the pleasure of and subject to the direct and absolute control of DOE 1. The divisions of the CHURCH are the wards, stakes and areas. DOE 1 is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

6.      Defendant DOE 2 is and was at all relevant times herein mentioned, a religious entity and subsidiary of DOE 1. DOE 2 is a corporation duly organized, and operating pursuant to the laws of, the State of Utah. DOE 2 operates properties, temples and other houses of worship within the State of California. DOE 2 does business with and conducts continuous and systemic activities in California. DOE 2's principal place of business is 50 East North Temple, Floor 20, Salt Lake City, State of Utah 84150.  DOE 2 is registered to do business in California, and operates, maintains and manages DOE 1's properties at the direction of and under the control of DOE 1. Doe 2, is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

7.      Defendant DOE 3, is and was at all relevant times herein mentioned, a religious entity

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

and subsidiary of DOE 1. DOE 3 is an entity of unknown form, and operating pursuant to the laws of, the State of California. DOE 3 does business with and conducts continuous and systemic activities in California. DOE 3's principal place of business is 2255 Felicita Road, Escondido CA 92029.  DOE 3 is registered to do business in California, and operates, maintains and manages DOE 1's congregations and wards within San Diego County at the direction of and under the control of DOE 1. DOE 3 has, or as alleged herein had, responsibility for some or all operations in San Diego County, California. DOE 3 reports directly to DOE 1. DOE 3, is independently liable for its own conduct as alleged herein, is liable as a successor in interest to another entity, and/or is an alter ego of Defendants.

8.    The Defendants each assumed responsibility for the wellbeing of their members, whether as clergy or volunteers appointed by DOE 1. In their capacities as Bishop, and other positions such as Stake President, Relief Society President, visiting teacher, Missionaries, Sunday School and Primary School teacher; Defendants and their agents placed individuals in positions of responsibility and authority over Church members. As a result, they each had a special relationship with members of the congregation, including the minor Plaintiff. This relationship gave rise to a duty to protect members of the congregation, including the minor Plaintiff from a foreseeable risk of harm. At all relevant times, the Defendants assumed special responsibilities towards its members including having a disciplinary and red flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent child members from the harm they might inflict.

9.    Defendants' income comes from member tithes which are turned over to DOE 1 for investment and other uses, including support of the administrative expenditures of the Defendants' wards, stakes and areas. DOE 1 does not provide information about their finances to their members

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

or the public. Upon information and belief, DOE 1 receives more than seven (7) billion dollars a year in tithing from members. Upon information reported publicly in the media, DOE 1 owns financial assets and real estate in excess of 200 billion dollars.

10.     The true names and capacities, whether individual, plural, corporate partnership, associate, or otherwise, of Defendants DOES 4 through 100, inclusive, are unknown to Plaintiff at this time, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereupon alleges that each of the Defendants fictitiously named herein as a DOE is legally responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to and that the acts and omissions of said Defendants was the legal cause of the injury to Plaintiff and the resulting injury and damages to Plaintiff as hereinafter alleged. Plaintiff will amend this Complaint to assert the true names and/or capacities of such fictitiously named Defendants when the same have been ascertained.

11.     Plaintiff is informed and believes and thereupon alleges that, at all times mentioned herein, Defendants were the agents, servants, employees, successors-in interest and/or joint venturers of their co-defendants and were, as such, acting within the purpose, course, scope and authority of said agency, employment, successor-in-interest and/or joint venture and that each and every Defendant as aforesaid was acting as principal and was negligent in the selection and hiring and retention of each and every Defendant as an agent, employee, successor-in-interest and/or joint venture.

12.     All of the acts, conduct and nonfeasance herein carried out by each and every representative, employee or agent of each and every corporate business Defendant, was authorized, ordered and directed by their respective Defendant's corporate or business employers, officers, directors and/or managing agents; that in addition thereto, said corporate or business employers,

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

officers, directors and/or managing agents had advance knowledge of, authorized and participated in the herein described acts, conduct and nonfeasance of their representatives, employees, agents and each of them; and that in addition thereto, upon the completion of aforesaid acts, conduct and nonfeasance of the employees and agents, the aforesaid corporate and business employers, officers directors, and/or managing agents, respectively ratified, accepted the benefits of condoned and approved of each and all said acts, conduct or nonfeasance of their co employees, employees and agents.

13.    This is an action for childhood sexual abuse brought pursuant to Code of Civil Procedure section 340.1, subdivision (a)-(d) and any other applicable statute. Prior to the December 31, 2022 filing deadline, Plaintiff and DOE 1 entered into a tolling agreement that extended the time to file until August 26, 2024. The misconduct described herein began in 1961 when Plaintiff Jane Roe JN 15 was a minor, not yet a year old. Plaintiff is over the age of forty.

14.    Moreover, as stated herein and at all times relevant, Defendants, each of them, and DOES 4 through 100, knew or had reason to know, or were otherwise on notice, of the misconduct alleged herein, which created the risk of childhood sexual assault by an employee, volunteer, representative, or agent, and the person or entity failed to take reasonable steps or to implement reasonable safeguards to avoid acts of childhood sexual assault. For purposes of subdivision (c), providing or requiring counseling is not sufficient, in and of itself, to constitute a reasonable step or reasonable safeguard. As such, Plaintiffs complaint is timely.

15.    Perpetrators were each an employee, agent, servant, member, and/or volunteer of Defendants when they sexually assaulted the Plaintiff—then a minor.

16.    During the period of childhood sexual assault and/or abuse of Plaintiff, Defendants supervised and exercised control over Plaintiff's abusers.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

17.     Each Defendant is responsible, in some manner, for the events and happenings herein referred to, thereby legally causing the injuries and damages to Plaintiff as hereinafter alleged.

18.     Except as otherwise noted, a reference to "Defendants" in this Complaint shall include DOE 1, DOE 2, DOE 3, and DOES 4 through 100, inclusive.

## JURISDICTION AND VENUE

19.     This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has their main place of business in, and/or systematically and continually has conducted and continues to conduct business in the County of San Diego and the State of California.

20.     The subject incidents upon which this Complaint are based occurred in the City of Escondido, within the County of San Diego, in the State of California. As such, venue is proper in the San Diego County Superior Court of California.

## FACTUAL ALLEGATIONS
### (Common to All Causes of Action)

21.     DOE 1 is led by the President, also known as the Prophet, who selects two others as counselors to assist him in his functions of overseeing the Church. The President and his Counselors function as the First Presidency, which is the highest governing body of the Church.[1]

22.     The Quorum of the Twelve Apostles is the second-highest governing body of the Church. The apostles are regarded by Church members as "special witnesses" of Jesus Christ throughout the world. They travel frequently, addressing congregations of members and meeting with, advising, and managing local leadership.

23.     Together, the First Presidency and the Quorum of the Twelve Apostles declare and establish policy, and oversee the entire Church, including every Stake and Ward in California. [2]

---

[1] https://www.churchofjesuschrist.org/learn/global-leadership-of-the-church?lang=eng

[2] [DOE 1] Gen. Handbook, Ch. 5 § 5.1.1.1 at 26 (Aug. 2023)

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

24.     The Quorum of the Seventy exists to assist the Quorum of the Twelve Apostles in the overseeing, directing and managing local leadership and they serve in locations throughout the world. There are currently twelve Quorums of the Seventy, each assigned to a designated geographical location called an Area. Members of the Quorum of the Seventy live and work within the Area they serve, including California, and report directly to the twelve apostles.

25.     Each Area that a Quorum of the Seventy oversees is comprised of Stakes and within each Stake are Wards. The Stakes are directed and controlled by a Stake President, who acts under the direction for the Quorum of the Seventy in his Area. Stake Presidents, acting with approval of the First Presidency, can call a member to become a Bishop.[3] In California, there are an estimated 147 Stakes.

26.     Bishops, appointed and overseen by the Stake President, are responsible for the spiritual development of the Ward's members, focusing on the rising generation of children.[4] Bishops are also responsible for the Ward's finances and record keeping.

27.     Plaintiff Jane Roe JN 15 was a minor child and a member of Defendants' Church, in Escondido, California.  Perpetrator FN, was a "Bishop" of DOE 1, Perpetrator BP a "High Priest" and "Home Teacher" of DOE 1, Perpetrator John an official employee of DOE 1, and Perpetrator GN an "Elder" within DOE 1 and immediate relative of Perpetrator FN. Each Perpetrator used their positions of authority therein to groom and to sexually abuse Plaintiff. Abuse by Perpetrator FN and Perpetrator GN began as early as Plaintiff can remember. Abuse by Perpetrator John began when Plaintiff was approximately 9 years old. Abuse by Perpetrator BP began when Plaintiff was

---

[3] [DOE 1] Gen. Handbook, Ch. 6 § 6.2.1.5 at 33 (Aug. 2023)

[4] [DOE 1] Gen. Handbook, Ch. 7 § 7.1 at 45 (Aug. 2023)

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

approximately 4 years old. Intent on manipulating Plaintiff's emotions and taking advantage of her innocence, so that they eventually could sexually abuse her, Perpetrators exploited Plaintiff's fragile mental state to cause her extreme fear, anxiety, and confusion; coercing and manipulating Plaintiff in order to gain further power and control over her. All tactics employed for abuse purposes occurred during the most vulnerable time of Plaintiff's life.

28.     Eventually, Perpetrators initiated extreme sexual abuse of Plaintiff. Plaintiff endured ongoing, humiliating events of child molestation by Perpetrators, either employed by, condoned by, or themselves being, figures of religious authority, whom Plaintiff had been taught to trust with her life and well-being and had never been given the choice but to trust.

29.     Plaintiff is informed and believes and thereupon alleges, that, at all times herein mentioned, Defendants knew or should have known Perpetrators were using their positions of authority within the Defendants' Church to groom and to sexually abuse one of its minor members, Plaintiff, and Defendants failed to take reasonable steps to protect her.

30.     Perpetrators engaged in skin-to-skin fondling and groping, digital penetration, penetration with foreign objects, and vaginal rape of Plaintiff at various locations, including at Defendants' controlled meetings and on Defendants' property.

31.     From 1961 to 1978, the abuse took place in a classroom at Defendants' meetinghouse in Escondido, California on Defendants' premises, and at Perpetrator FN's residence, where Perpetrator GN also resided and where Perpetrator BP would visit in his official capacity as Home Teacher.

32.     In or around 1970, another minor present for the abuse of Plaintiff, and also herself victimized by Perpetrator John, disclosed to Defendants, bishops and/or counselors, of the ongoing verbal, physical and sexual abuse suffered by herself and the Plaintiff. Even after this disclosure,

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

9

Plaintiff continued to suffer several more years of abuse by multiple Perpetrators. Defendants should have been aware of the many incidents of extreme sexual abuse inflicted over 17 years, an exact number for which is too prolific to ascertain, by a Bishop, an Elder, and a High Priest within the Church. After decades of inaction by Defendants, Plaintiff approached local Church leaders in 1987 to further report the sexual and emotional abuse. Despite an admission from Perpetrator GN at the time, Defendants took no action. This led Plaintiff to travel to Salt Lake City, Utah, to meet with an Apostle of the Defendants and again disclose the abuse. Although Perpetrator FN was later excommunicated for unrelated reasons, he was subsequently reinstated. As such, Defendants have failed to take any meaningful action against Perpetrators FN, GN, or BP, both during and after the unspeakable abuse they committed upon Plaintiff.

33.    Plaintiff began suffering severe sexual and emotional abuse for as long as she can remember. She was subjected to fondling, groping, digital penetration, and penetration with various cylindrical objects by Perpetrators FN and GN. Perpetrator FN also raped Plaintiff using his penis. Given the air of authority due to the Perpetrator FN and GN's standing within Defendants' Church, with Perpetrator FN's position as Bishop and Perpetrator GN as Elder, the abuse was allowed to persist. Perpetrator GN would abuse Plaintiff in this manner until she was 8 years old, and Perpetrator FN until she was 17 years old. At 4 years of age, Perpetrator BP began visiting Plaintiff at her home under his authority as a High Priest and Home Teacher. Between the ages of 4 and 10, Plaintiff was fondled under her clothing and digitally penetrated by Perpetrator BP on at least 20 occasions. At 9 years old, Plaintiff was shut in an empty classroom in one of Defendants' meetinghouses in Escondido, California, and forcibly fondled under the clothing by Perpetrator John alongside another minor. All of the foregoing occurred either on Defendants' property, or under the guise of the authority vested in the Perpetrators by the Defendants as leaders within the Church.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

34.     Each Stake creates and maintains meticulous sets of membership records which are reviewed and controlled by DOE 1. Membership records are DOE 1's way of tracking its members. Members are not allowed access to their records and must receive approval to view them under the supervision of the Bishop. These records include names, addresses, callings, and temple recommendations. The records also contain additional membership information such as new members, members in military service, members who are adopted, children who are born out of wedlock, and records of children of divorced parents. Records are created by the local Bishops, approved by the Stake President, and ultimately transmitted to DOE 1.

35.     Records with "annotations" are also maintained by Defendants. Annotations are made where a member's conduct has threatened the well-being of other persons or of the Church as a whole. Annotations are made when a member is disciplined by the Bishop or Stake President for *"incest, sexual offense against or serious physical child abuse, plural marriage, an elective transexual operation, repeated homosexual activities (by adults), or embezzlement of church funds."* All annotations placed on a member's record are approved by the First Presidency.

36.     Defendants maintain a pattern and practice of concealing abuse from the authorities, and signals that its members should conceal and/or fail to report abuse so as to keep "the Church from being inappropriately implicated in legal matters." *See President Russell M. Nelson Letter* (August 4, 2020). Through this policy of concealment, the Defendants ratify abusive conduct, perpetuating a culture of concealment and encouraging a lack of cooperation among Church members with law enforcement.

37.     The Stake Presidents and Bishops Handbook states as follows: "[i]n instances of abuse, the first responsibility of the Church is to assist those who have been abused, and to protect those who may be vulnerable to future abuse."  In conjunction with this doctrine, Utah's Supreme

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

Court has characterized the Helpline as "a 1-800 number that bishops and other Church clergy can call when they become aware of possible abuse. The Help Line is available 24 hours a day, 365 days a year and is staffed by legal and counseling professionals who 'provide guidance to the bishop on how to protect the [victim] from further abuse, and how to deal with the complex emotional, psychological, and legal issues that must be addressed in order to protect the victim.'"[5]

38.     In reality, DOE 1 primarily staffs the Helpline with attorneys of Kirton McConkie, one of the largest law firms in the State of Utah.  Rather than notifying law enforcement or other government authorities when Bishops and other Church clergy members call the Helpline regarding sexual abuse within the Church, Helpline operators transfer these calls to the Kirton McConkie attorneys, who advise the bishop not to report the abuse incident to law enforcement, misrepresenting clergy-penitent privilege laws as their reasoning.

39.     Defendants' policies and protocols further direct teachers and other mandated reporters who suspect a minor may report abuse to them to encourage the minor to instead speak with a Bishop or Stake President and thus circumvent their duty to disclose and report abuse.

40.     In another sexual abuse-related civil lawsuit against the Church and its agents, a Kirton McConkie attorney "acknowledged during a pretrial deposition that the firm uses information gleaned from helpline calls to identify cases that pose a high financial risk to the [] Church."[6]

41.     In other words, DOE 1 implements the Helpline not for the protection and spiritual counseling of sexual abuse victims, as professed in Church doctrine and literature, but for Kirton

---

[5] MacGregor v. Walker, 2014 UT 2 ¶2,322 P.3d 706, 707 (2014) [internal citation omitted in original].

[6] See The Church Has Been Accused of Using a Victim's Hotline to Hide Claims of Sexual Abuse (https://www.vice.com/en_us/article/d3n73w/duty-to-report-the-mormon-church-has-been-accused-of-using-a-victims-hotline-to-hide-sexual-abuse-claims?utm_medium=vicenewstwitter.

McConkie attorneys to snuff out complaints and protect DOE 1 and its wards from potentially costly lawsuits. This is consistent with the instructions set forth in President Russell M. Nelson Letter, dated August 4, 2020, encouraging congregants to avoid cooperating with authorities asking for information on abuse.

42.    Defendants' actions embody a culture that protects sexual predators, rather than innocent and vulnerable children. Defendants handled the repeated allegations internally as a "matter of sin" and not one leader reported any matter to police. Instead, Defendants, their bishops, and personnel, allowed Perpetrators to continue completely unhindered and protected, even in their predatory conduct. Defendants, their agents, and employees, including bishops, counselors, or personnel mentioned herein, DOES 4-100, and each of them, acted to protect the heinous and unforgiveable acts of Perpetrators, and in such action taken against Plaintiff's innocence and vulnerabilities, were careless, reckless, negligent, consciously disregarding a minor's rights.

43.    At all times herein mentioned, Defendants and each of them (1) knew how conducive the Church premises were to sexual abuse and sexual predators, and that sexual predators, such as these Perpetrators in particular, had apparent, if not actual, authority within the Church community and on Church premises while 'acting', either literally and/or figuratively, as members of a priesthood (i.e., bishops, counsellors, elders, etc.) serving an important calling (i.e. Temple Worker); (2) knew that members of the Church priesthood and specifically, these Perpetrators, systematically and continuously leveraged any and all authority which the title and association with CHURCH, conceivably provided Defendant within the community, over followers of their faith, which at all relevant times herein included Plaintiff; and (3) knew or should have known that leaving Plaintiff or any youth members of the Church under the supervision of Perpetrators or within their presence and otherwise unattended, presented a risk of imminent harm to those youth members and did harm

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

1    at least one of them, this Plaintiff.

2          44.    Defendants provided direct access to a large youth community wherein a danger to

3    the community, these Perpetrators, wielded power over the Plaintiff.

4          45.    Plaintiff is informed, believes, and thereupon alleges that other staff, employees,

5    volunteers, leaders, and officers knew or should have known that Perpetrators were isolating and

6    taking minor children, including Plaintiff, and committing inappropriate behavior with minor

7    children. Therefore, Defendants knew or should have suspected that Perpetrators were conducting

8    inappropriate behavior and conduct with minor children, including Plaintiff, at DOE 1's ward and

9    congregation and failed to take any remedial action prior to their sexual assault of Plaintiff.

10          46.    Prior to, during, and after Perpetrators' sexual assault and/or sexual abuse, and

11    molestation of Plaintiff, Defendants, through their agents, representative, servants, employees,

12    and/or volunteers knew or should have known, reasonably suspected, and/or were otherwise on

13    notice, that Perpetrators' conduct and relationships with young children, including Plaintiff, were

14    inappropriate, unlawful, wrongful, and/or otherwise created a risk of childhood sexual assault.

15          47.    Defendants should have been aware, and were in fact made aware, and should have

16    confirmed, that Perpetrators had inappropriately touched, sexually assaulted and/or sexually abused,

17    and molested other children, including Plaintiff.

18          48.    Notwithstanding their confirmed actual knowledge of Perpetrator's sexual assault

19    and/or sexual abuse, and molestation of Plaintiff and other minor children, Defendants intentionally

20    and purposely failed to notify or warn other students, parents of children active in the congregation,

21    or any other persons of the possible risk of further childhood sexual abuse by Perpetrators, limit or

22    supervise their access to children, including Plaintiff, and notify law enforcement and other

23    appropriate agencies of the known sexual assault and/or sexual abuse, and molestation of Plaintiff.

24

25

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

49.    Further, Defendants' failure and/or refusal to report the sexual assault and/or sexual abuse of Plaintiff by their Elders, Bishops, employees, and/or agents created a foreseeable risk of continued sexual assault and/or abuse of Plaintiff by Perpetrators.

50.    As a direct result of Defendants' failure and/or refusal to timely and adequately act to prevent, stop, and report Perpetrators' unlawful and inappropriate misconduct, Perpetrators were able to continue their sexual assaults and/or sexual abuse, and molestation of Plaintiff.

51.    Defendants acting through their representative, agents and employees, are liable to Plaintiff for harm from the sexual assault, abuse, and other misconduct committed by Perpetrators because, inter alia, Defendants:

a)    Negligently hired, supervised, retained, monitored, and/or investigated Perpetrators.

b)    Breached their duty to implement and enforce adequate policies, guidelines, training, education, and procedures aimed at preventing, deterring, uncovering, and reporting instances of child sexual assault and/or abuse by adults, including its agents, servants, representatives, staff, and volunteers.

c)    Negligently and/or intentionally failed to report the known and/or reasonably suspected sexual assaults and/or sexual abuse, and molestation of Plaintiff to law enforcement.

52.    Defendants also intentionally and willfully implemented various measures intended and designed to, or which effectively, made Perpetrators' conduct harder to detect including, but not limited to:

a)    Permitting Perpetrators to remain in a position of good standing after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, that Perpetrators sexually abused and/or sexually assaulted, and molested minor children,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

including Plaintiff.

b) Permitting Perpetrators continued and/or unsupervised access to Plaintiff, after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, of Perpetrators' misconduct that created a risk of childhood sexual assault.

c) Failing to inform or concealing from law enforcement officials of the fact that Plaintiff and others were or may have been sexually assaulted after Defendants knew or should have known, reasonably suspected, or were otherwise on notice, that Perpetrators had, and/or were, engaged in the sexual assault of Plaintiff, thereby creating the circumstance where Plaintiff and others were less likely to receive medical/mental health care and treatment, thus exacerbating the harm to Plaintiff.

d) Holding out and affirming Perpetrators to Plaintiff and Plaintiff's parent, other children and their parents, and to the community as being in good standing and trustworthy.

e) Failing to take reasonable steps, and to implement reasonable policies, procedures, and safeguards to avoid, detect, and report acts of unlawful sexual conduct by employees, including Perpetrators with minor children.

f) Failing to implement a system or procedure to supervise or monitor employees, volunteers, representatives or agents to ensure that they did not molest or assault minors in Defendants' custody or care, including Plaintiff.

53.    Defendants, and each of them, negligently, intentionally, maliciously and/or willfully refused to, and/or did not act reasonably to stop, inhibit, and/or report Perpetrators to law enforcement prior to, during, and/or after their sexual assault and/or sexual abuse, and molestation of Plaintiff, thereby allowing the assault to occur and to continue unabated.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

54.     Plaintiff is informed, believes, and thereupon alleges, that Defendants' failure and/or refusal to satisfy their duties to Plaintiff was a part of Defendants' intended plan and arrangement to conceal wrongful acts, to avoid and inhibit detection, to block public disclosure, to avoid scandal, to avoid the disclosure of their tolerance of child sexual molestation and assault, to preserve a false appearance of propriety, and to avoid investigation and action by public authority including law enforcement.

55.     Plaintiff is informed and believes, and on that basis alleges, that such actions were motivated by a desire to protect the reputation of Defendants and each of them, and to protect the monetary support of Defendants while fostering an environment where such assault could continue to occur.

56.     The wrongful, intentional, negligent acts and/or omissions of Defendants, and each of them was a legal cause of the childhood sexual assaults that caused injuries to Plaintiff.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(Plaintiff Against All Defendants and DOES 4-100)**

57.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

58.     Defendants are persons or entities who owed a duty of care to the Plaintiff and/or to the minor's parent or had a duty to control the conduct of the Perpetrators by way of the special relationship existing between those individuals.

59.     Defendants knew or should have known of Perpetrators' misconduct and inappropriate sexual behavior directed by Perpetrators to minor Plaintiff Jane Roe JN 15.

60.     Despite having knowledge of the misconduct, Defendants failed to take any

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

preventive action to control the conduct, failed to warn, report, and/or confront Plaintiff Jane Roe JN 15 or her parents regarding the abuse, despite having a legal duty to do so.

61.    As a result of Defendants' negligence, Plaintiff Jane Roe JN 15 was sexually abused by Perpetrators.

62.    Had said Defendants fulfilled their duties and responsibilities to Plaintiff in the special relationship had with minor Plaintiff, she would not have been subjected to the misconduct aimed against her.

63.    As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION
### NEGLIGENT SUPERVISION OF A MINOR
**(Plaintiff Against All Defendants and DOES 4-100)**

64.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

65.    Defendants, their agents and or employees, each of them, were responsible for the care, custody, control, supervision and protection of the minor children, like Plaintiff, entrusted to them due to existing special relationship and/or in the course of community involvement with Defendants' religion traditions as carried out by Defendants' employees, agents, and/or representatives,  Perpetrators, on Defendants' premises. Thus, each of these said defendants had a duty to adequately and properly supervise, monitor and protect Plaintiff from known and knowable

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

dangers; like Perpetrators, figures of authority for the Defendants' church community shared with Plaintiff.

66.     Defendants breached their duty to properly and adequately supervise, monitor and protect Plaintiff by, in part, ignoring clear and obvious signs that Perpetrators were engaged in repeated inappropriate and harassing relationships with Plaintiff and exhibited inappropriate conduct around other minors; allowing Plaintiff to spend unsupervised one-on-one time with Perpetrators; ignoring and turning a blind-eye to Plaintiff's whereabouts and wellbeing, so that she could be with Perpetrators; and allowing Perpetrators to repeatedly sexually harass and abuse the minor Plaintiff on Church premises, during official Church visits to Plaintiff's home, and otherwise subject to the position of authority conferred upon Perpetrators within the Church by Defendants.

67.     Had Defendants adequately and properly supervised, monitored, and protected its students, Plaintiff would not have been harmed.

68.     Defendants also recklessly and negligently failed to implement and/or enforce policies or procedures that were aimed at preventing or detecting the sexual abuse of its youth community, which fell well below the standard of care.

69.     Had Defendants, each of them, adequately performed their duty and responsibility, then Plaintiff would not have been subjected to the extreme, continuous, and unrelenting sexual assault and harassment she endured, and which still impacts her life today, as alleged herein.

70.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

### THIRD CAUSE OF ACTION

### SEXUAL ABUSE OF A MINOR

### (Plaintiff Against All Defendants and DOES 4-100)

71.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

72.     While Plaintiff was a member at Defendants' Church, Perpetrators took advantage of their positions of authority and trust to engage in unlawful sexual acts and other harmful misconduct with Plaintiff. Plaintiff did not consent to the acts, nor could Plaintiff have consented to the acts given her age.

73.     Defendants ratified Perpetrators' sexual abuse of Plaintiff because Defendants had knowledge that they had harassed and potentially harmed other community youth members, yet they intentionally turned a blind-eye and still allowed them to be in positions of power and authority and did nothing to prevent any further abuse from occurring, thus allowing Perpetrators to gain access to and ultimately manipulate and sexually abuse Plaintiff. Defendants did not discipline, denounce, or discharge Perpetrators; as such, they instead accepted and thus ratified their conduct.

74.     At all times, Defendants, were employees or administrators who were acting within the course and scope of their employment or agency with DOE 1 when they ratified Perpetrators' criminal conduct and adopted it as if it were their own conduct.

75.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

76.     In committing the acts described herein, the conduct of Perpetrators, Defendants,

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

their agents, and employees, and DOES 1-100, were despicable, and done with malice, oppression and fraud, justifying an award of punitive damages against each of those defendants. Plaintiff will therefore seek a court order allowing an amended pleading that includes a claim for punitive or exemplary damages pursuant to C.C.P. section 425.14 against religious entities, DOE 1, DOE 2 and DOE 3.

### FOURTH CAUSE OF ACTION
### NEGLIGENT HIRING, SUPERVISION & RETENTION OF AN UNFIT EMPLOYEE
### (Plaintiff Against All Defendants and DOES 4-100)

77.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

78.    Defendants, their agents, and employees, including bishops, clergy, and counselors, and DOES 1-100, had the responsibility and mandatory duty to adequately and properly investigate, hire, train, and supervise its agents and employees who would be working with minors and students to protect the minors within the Church community from harm caused by unfit and dangerous individuals within their employ and supervision.

79.    During the time Plaintiff was being sexually abused by Perpetrators, Defendants knew or should have known of complaints of serious misconduct made against Perpetrators, yet Defendants, each of them, failed to properly and adequately investigate those complaints and failed to take appropriate disciplinary action against Perpetrators.

80.    Instead, Defendants blamed, threatened, and attacked Plaintiff for compromising Perpetrators' positions in the Church and authority within the Church community.

81.    Defendants knew or should have known that Perpetrators engaged in repeated misconduct against female members of the community, one being Plaintiff.

82.    Defendants, each of them, breached their mandatory duty to investigate properly and

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

adequately hire, train, and supervise Perpetrators on Defendants' premises.

83.     Had Defendants, each of them, properly investigated, supervised, trained, and monitored Perpetrators' conduct and actions they would have discovered that they were unfit to be given access to and have authority over minors. By failing to adequately supervise, monitor, or investigate, Defendants allowed Perpetrators to continue, unhindered, with their predatory conduct directed towards underage members of the Church community, including Plaintiff.

84.     Defendants negligently hired, supervised, retained, monitored, and otherwise employed Perpetrators and negligently failed to ensure the safety of a minor community member in the Church, Plaintiff, who was entrusted to Defendants' custody, care and control.

85.     Defendants also negligently failed to adequately implement or enforce any procedures or policies that were aimed at preventing, detecting, or deterring the sexual harassment or abuse of minors and students by members of the priesthood, Elders, and other agents; including the Perpetrators.

86.     Had Defendants, each of them, performed their mandatory duties and responsibilities to monitor, supervise, and/or investigate their 'Elders' and other agents, Plaintiff would not have been subjected to sexual abuse and other harmful conduct inflicted upon her.

87.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

## FIFTH CAUSE OF ACTION
### NEGLIGENT FAILURE TO WARN, TRAIN, OR EDUCATE
**(Plaintiff Against All Defendants and DOES 4-100)**

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

88.    Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

89.    Defendants, their agents and employees, each of them, had a duty to warn, train and educate their youth community in its custody, including Plaintiff, on known and knowable dangers posed by its faculty and staff. Defendants, their agents, and employees, and DOES 4-100, also had a duty to warn, train and educate its faculty and staff on its sexual harassment policy and inappropriate boundary crossing within the youth community.

90.    Defendants, their employees and/or agents, each of them, breached their duty to Plaintiff by failing to warn her of known and knowable dangers posed by its faculty and staff, including Perpetrators; by failing to inform and educate her on its sexual harassment policies and the methods to identify, report, and respond to inappropriate sexual harassment by members of the priesthood; and by failing to train its faculty and staff, including Perpetrators, on Defendants' sexual harassment policies.

91.    As a direct and legal result of the negligence of DOE 1, its employees and/or agents, and DOES 4-100, Plaintiff was groomed, manipulated, and ultimately sexually assaulted and abused by Perpetrators.

92.    Had Defendants, their employees and/or agents, fulfilled their duties and responsibilities, Plaintiff would not have been injured and damaged.

93.    As a direct and legal result of this negligent conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet ascertained, but which exceed the minimum jurisdictional limits of this Court.

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573

## SIXTH CAUSE OF ACTION

### BREACH OF MANDATORY DUTY:

### FAILURE TO REPORT SUSPECTED CHILD ABUSE

### (Plaintiff Against All Defendants and DOES 4-100)

94.     Plaintiff re-alleges and incorporates by reference herein each allegation contained herein above as though fully set forth and brought in this cause of action.

95.     Defendants, acting through their employees and agents, were at all times "mandated reporters" pursuant to the provisions of Penal Code section 11166., et seq., also known as the Child Abuse and Neglect Reporting Act. As mandated reporters of suspected child abuse, Defendants were legally obligated to personally report reasonably suspected incidents of child abuse to the police and/or child protective services within a very short period.

96.     Defendants, acting through their employees, had, or should have had a reasonable suspicion that Perpetrators were engaged in sexual misconduct, yet failed to report the suspected abuse to the authorities.

97.     Defendants' employees violated the Child Abuse and Neglect Reporting Act, Penal Code section 11166, et seq. They were acting within the course and scope of their employment when they violated the reporting requirements, and therefore Defendants are vicariously liable for that negligence.

98.     By failing to report suspected child abuse, Defendants allowed Perpetrators to continue, unhindered, in their abuse of minor children, including Plaintiff.

99.     As a direct and legal result of this conduct, Plaintiff suffered severe and permanent injuries including, but not limited to, physical and mental pain and suffering, severe emotional distress, psychological harm, physical injuries, past and future costs of medical care and treatment, and past and future loss of earnings and earning capacity, and other damages, in an amount not yet

ascertained, but which exceed the minimum jurisdictional limits of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Roe JN 15 prays for judgment against Defendants DOE 1, DOE 2, DOE 3, their employees and/or agents, and DOES 4 through 100, and each of them, as follows:

1. For an award of special (economic) and general (non-economic) damages according to proof;

2. Attorney's fees;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action which may be tried by a jury.

Dated: August 23, 2024                    **SLATER SLATER SCHULMAN LLP**

By: _____
    Michael W. Carney
    Lauren A. Welling
    Sarah Kissel Meier
    Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd, Ste. 255
Beverly Hills, CA 90211
Tel.: (310) 341-2086 | Fax: (310) 773-5573