Lauren A. Welling, State Bar No. 291813
Sarah Kissel Meier, State Bar No. 305315
Michael W. Carney, State Bar No. 241564
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Fax: (310) 773-5573
E-mail: lwelling@sssfirm.com
        skmeier@sssfirm.com
        mcarney@sssfirm.com

*Attorneys for Plaintiff John Roe JS 6,*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN ROE JS 6,,<br><br>   Plaintiff,<br><br>   v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; TEMPLE CORPORATION OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a nonprofit corporation; SAN DIEGO CALIFORINA SOUTH STAKE, STAKE also known as THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an entity of unknown form; and DOES 4 through 100, Inclusive,<br><br>   Defendants. | Case No: 3:24-cv-02407-L-AHG<br>(to be related to 3:24-cv-02316-L-BLM; 3:24-cv-02344-DMS-JLB; 3:24-cv-02349-AJB-MSB; 3:24-cv-02347-BAS-DDL)<br><br>**NOTICE OF RELATED CASES**<br><br>**[Local Rule 40.1(e)-(f)]** |

1

NOTICE OF RELATED CASES

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 40.1(e)-(f), Plaintiff files the instant Notice of Related Cases. The following cases involve substantially the same parties, calls for determination of substantially identical questions of law and will involve substantial duplication of labor if heard by different judges. These actions were filed in California Superior Courts on behalf of plaintiffs who plead claims of alleged sexual assault and sexual abuse by employees, agents, servants, members, and/or volunteers assigned to work at various Mormon churches located within the jurisdiction of The Church of Jesus Christ of Latter-day Saints. The actions allege nearly identical causes of action and present closely related legal issues. Further, each actions involves two identical defendants, designated by name or as Doe 1 and Doe 2. Defendants have removed these actions to the United States District Court for the Southern District of California. Plaintiffs have moved to remand some of these cases. Whether these cases are remanded or remain, they will involve substantial duplication of labor for the judges assigned to each respective case.

1. *Jane Roe JN 15 v. DOE 1, et al.*, United States District Court Case No. 3:24-cv-02316-L-BLM. Filed August 26, 2024; Removed on December 12, 2024. A copy of Plaintiff's Complaint is attached hereto as Exhibit 1. Plaintiff alleges she was sexually assaulted by a Bishop, a High Priest and Home Teacher, an Elder and an employee of the defendant's church in the local church associated with Defendants DOE 1, DOE 2 and DOE 3. Plaintiff alleges Defendants are liable under multiple causes of action. Defendants removed the case to this District. Plaintiff filed a motion to remand the case on January 13, 2025.

2. *The Estate of Jane Roe DM 101 v. DOE 1, et al.*, United States District Court Case No. 3:24-cv-02344-DMS-JLB. Filed on August 26, 2024, Removed on December 16, 2024. A copy of Plaintiff's Complaint is attached hereto as Exhibit 2. Plaintiff alleges she was sexually assaulted by a Home Teacher and

an Elder in the local church associated with Defendants DOE 1, DOE 2 and DOE 3. Plaintiff alleges Defendants are liable under multiple causes of action. Defendants removed the case to this District. Plaintiff filed a motion to remand the case on January 15, 2025.

3. *John Roe JB 65 v. DOE 1, et al.*, United States District Court Case No. 3:24-cv-02349-AJB-MSB. Filed on August 26, 2024, Removed on December 16, 2024. A copy of Plaintiff's Complaint is attached hereto as Exhibit 3. Plaintiff alleges he was sexually assaulted by a Bishop in the local church associated with Defendants DOE 1, DOE 2 and DOE 3. Plaintiff alleges Defendants are liable under multiple causes of action. Defendants removed the case to this District. Plaintiff filed a motion to remand the case on January 15, 2025.

4. *John Roe RV 47 v. DOE 1, et al.*, United States District Court Case No. 3:24-cv-02347-BAS-DDL. Filed on August 26, 2024, Removed on December 16, 2024. A copy of Plaintiff's Complaint is attached hereto as Exhibit 4. Plaintiff alleges he was sexually assaulted by a Bishop in the local church associated with Defendants DOE 1, DOE 2 and DOE 3. Plaintiff alleges Defendants are liable under multiple causes of action. Defendants removed the case to this District. Plaintiff filed a motion to remand the case on January 15, 2025.

5. *John Roe JS 6 v. The Church of Jesus Christ of Latter-Day Saints, et al.*, United States District Court Case No. 3:24-cv-02407-L-AHG. Filed on September 4, 2024, Removed on December 20, 2024. A copy of Plaintiff's Complaint is attached hereto as Exhibit 5. Plaintiff alleges he was sexually assaulted by a Bishop in the local church associated with Defendants The Church of Jesus Christ of Latter-Day Saints, The Temple Corporation of The Church of Jesus Christ of Latter-Day Saints and The San Diego California South Stake. Plaintiff

alleges Defendants are liable under multiple causes of action. Defendants removed the case to this District.

## I. These Case Involve Substantially Similar Parties

Each of these actions include two of the same Defendants – Doe 1 and Doe 2. The Doe 3 does differ in these cases, however all Doe 3 Defendants are entity Defendants affiliated with Doe 1 and Doe 2.

## II. These Cases Should Be Related Because They Call For A Determination of Substantially Similar Questions Of Law

These actions were all filed in California Superior Courts. Defendants removed the actions to this District. Whether these cases are remanded or remain in this District, they will still call for a determination of substantially related or similar questions of law. As an initial matter, nearly all the notices of removal in these actions allege that the Stake Defendant or DOE 3 is a nonexistent legal entity and should be disregarded for diversity purposes. [Dkt. 1] Plaintiff has filed motions to remand in many of these actions contending that Defendants' have not met their burden to establish fraudulent joinder. While the notices of removals and motions to remand are not identical in these actions, they do call for a determination of substantially related and similar questions of law.

In the event some or all of these actions are not remanded, they will still call for a determination of substantially related and similar questions of law and fact. The cases removed to date will turn on similar factual issues and evidence as to whether Defendants were aware of and/or adequately addressed the alleged sexual misconduct of employees, leaders, agents, servants, members, and/or volunteers assigned to various Mormon churches within the jurisdiction of The Church of Jesus Christ of Latter-day Saints. The cases hinge on the same legal theories of liability with respect to the core issues of The Church of Jesus Christ of Latter-day Saints', including its wards, stakes, and congregations, alleged knowledge of and/or response to the alleged

sexual misconduct. The differences in these cases are limited primarily to the specific allegations of abuse and damages stemming therefrom. Those facts, while important, are secondary to the theories of liability that predominate Plaintiffs' claims against the Defendants. Each matter alleges causes of action stemming from sexual abuse suffered at the hands of a Church-affiliated perpetrator. Each perpetrator had actual or perceived authority over the Plaintiff, vested in them by Church. Whether organized as an unincorporated association or a corporation sole, the structure, governance, policies, procedures, responsibilities, auxiliary organizations handling of sexual abuse, and interplay with the church remain largely the same. These common issues apply identically to two defendants, and substantially similarly to the third.

To date, Defendants have also raised similar defenses in their Answers in these actions. Plaintiffs anticipate that similar theories of liability, defenses and questions of law and fact will be a continuing occurrence in these cases.

### III. In The Interests of Judicial Economy and Consistency, These Cases Should Be Related

In light of the similar legal issues presented in these cases, (See attached Complaints), Plaintiff submits that litigating these cases separately will create a substantial duplication of labor if heard by different judges. The motions to remand, alone, will require extensive duplication of labor. In the event these cases remain in this District, having multiple judges become familiar with the issues and questions of law and fact in these cases will result in a substantial and expensive duplication of labor. Similar cases are also pending in the United States District Court for the Eastern, Central and Northern Districts of California. Additionally similar cases are also pending in California Superior Courts where Plaintiffs' Petition for a Judicial Council Coordinated Proceeding was granted on January 30, 2025.

Accordingly, these cases should be related for purposes of Local Rule 40.1(e)-(f).

Dated: February 11, 2025

By: /s/ Lauren A. Welling
Lauren A. Welling (SBN: 291813)
lwelling@sssfirm.com
Sarah Kissel Meier (SBN: 305315)
skmeier@sssfirm.com
SLATER SLATER SCHULMAN LLP
8383 Wilshire Blvd., Ste. 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086

*Attorneys for Plaintiff John Roe JS 6*